UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

WADE M.,

                             Plaintiff,

                 -against-

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

-------------------------------------------------------------x

25-CV-1074 (OTW)

**<u>OPINION & ORDER</u>**

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Wade M.[1] ("Plaintiff") filed the instant action seeking judicial review of the Commissioner of Social Security's ("Defendant") denial of Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits. The parties consented to magistrate judge jurisdiction on March 17, 2025. (ECF 9). Plaintiff contends that the Administrative Law Judge ("ALJ") erred because the ALJ's decision was not supported by substantial evidence. For the following reasons, I concur. Accordingly, Plaintiff's motion for judgement on the pleadings is **GRANTED** and this case is **REMANDED** for further proceedings consistent with this Opinion and Order.

    I.     **BACKGROUND**
         **A. Administrative Proceedings[2]**

Plaintiff applied for benefits on September 28, 2022, alleging disability beginning on November 1, 2021, following a diagnosis of post-COVID syndrome, obesity, paresthesia, joint

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The administrative record was filed at ECF 12.

strain, decreased vision, low hearing, and a depressive disorder. (ECF 12 at 18-19). Defendant denied Plaintiff's initial application on April 10, 2023, and upon reconsideration, denied it again on June 23, 2023. (ECF 12 at 15). On February 12, 2024, ALJ Kimberly Schulz held a telephonic hearing. *Id.* at 37.

### B.  The ALJ 's Decision

On March 15, 2024, the ALJ issued a decision denying the application for benefits. (ECF 12 at 12).  Following the five-step framework set out by the Social Security Administration, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 1, 2021 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 20, 2022. (ECF 12 at 17). However, at step two, the ALJ found that none of Plaintiff's impairments other than "post-COVID syndrome" met the severity required to be considered at Step Three. *Id.* at 17-18.  As a result, the ALJ only considered Listings 3.02 (chronic respiratory disease) and 3.04 (asthma) in finding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. *Id.* at 19. The ALJ did not consider Plaintiff's reports of shortness of breath, fatigue and heart palpitations as a result of his post-COVID syndrome. (See ECF 12 at 18-19).

At step four of the analysis, the ALJ found that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform "a full range of work <u>at all exertional levels</u>, but with the following non-exertional limitations: the claimant must avoid concentrated exposure to dust, fumes and pulmonary irritants. . . "  (ECF 12 at 20, emphasis added).

2

### C. Procedural History

The Appeals Counsel subsequently denied the Plaintiff's request for review. (ECF 12 at 6). On February 7. 2025, Plaintiff filed the instant action seeking the Court's review of the ALJ decision. (ECF 1). The parties consented to magistrate judge jurisdiction for all purposes on March 17, 2025. (ECF 9). The administrative record was filed on May 9, 2025. (ECF 12). Plaintiff's motion for judgment on the pleadings was fully briefed on August 12, 2025.

## II. APPLICABLE LAW
### A. Standard of Review

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. Additionally, the Court's review of the Defendant's decision is limited to an inquiry into whether there is substantial evidence to support the Defendant's findings and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. It only requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 [1971]); *Alston v. Sullivan*, 904 F.2d 122, 126 [2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must rely on the underlying record. "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," an explanation of the ALJ's reasoning is warranted, or when the ALJ's rationale is unclear, the Court should remand "for further development of the evidence." *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

**B.  The ALJ Must Apply a Five-Step Evaluation of Plaintiff's Disability Claim**

To be awarded disability benefits, the SSA requires that one have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ makes this determination through a five-step evaluation process. First, the Plaintiff must provide evidence which supports the ALJ's determination that:

(1) the Plaintiff is not currently engaged in substantial gainful activity;

(2) that Plaintiff's impairment is so severe that it limits their ability to perform basic work activities;

(3) that Plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 such that the Plaintiff may be presumed to be disabled. Absent that, the ALJ must determine the Plaintiff's Residual Functional Capacity ("RFC"), or their ability to perform physical and mental work activities on a sustained basis; and

(4) the RFC, if applicable, does not allow Plaintiff to meet the physical and mental demands of his prior employment.

If the ALJ finds Plaintiff's evidence has satisfied all four of these steps, the burden then shifts to the Commissioner to prove that, based on Plaintiff's RFC, age, education, and past work experience, Plaintiff can perform some other work that exists in the national economy. *See* 20 C.F.R § 416.920(a)(4)(i)–(v). A finding that a claimant is either disabled or not disabled may be made at any time during the five-step disability determination process; once such a finding is made, no further review of the claim is necessary. *See* 20 C.F.R. § 404.1520(a)

### III.    DISCUSSION

Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermined the analysis at step three and beyond. Because I find that the ALJ erred in

her assessment of Plaintiff's musculoskeletal impairments, I am remanding without reaching the ALJ's RFC assessment.

### A. The ALJ erred in finding that Plaintiff's musculoskeletal impairments were of insufficient duration.

The ALJ determined at step two that Plaintiff's musculoskeletal conditions, including shoulder and wrist strains, and knee and shoulder pain, were non-severe because they allegedly did not meet the 12-month durational requirement. (ECF 12 at 18). As a result, when the ALJ reached step three, she may not have considered whether or how Plaintiff's musculoskeletal impairments intersected with Plaintiff's post-COVID syndrome, and considered only Listings 3.02 (chronic respiratory disorders) and 3.04 (asthma).

The Social Security regulations expressly indicate that unless the impairment is likely to result in death, "it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909. Here, the ALJ determined that the durational requirement was not met because the earliest positive findings that the ALJ considered were taken from the consulting examiners' reports, which began sometime in 2023. (ECF 12 at 18). ("Even if these impairments were existent since the AOD [of November 1, 2021] there is an absence of objective imaging [referring to March 2023 shoulder x-ray] "showing no acute fracture or dislocation"). But the ALJ ignores numerous references in the record that Plaintiff complained of "occupational shoulder injuries" (that must have pre-dated his retirement in 2021) and Dr. Xie's notation that Plaintiff fell at work in 1997 and still complained of "residual shoulder pain" in 2023. (ECF 12-1 at 169); even Dr. Miceli, the psychiatric examiner, noted that Plaintiff "states that he has a history of falling at work and sustaining injuries to his wrist and shoulder." (ECF 12-1 at 164).

To properly develop the record, an ALJ must develop the claimant's "complete medical history for at least the 12 months preceding" the month in which the claimant files her application. 20 C.F.R. § 416.912(d); *see also DeChirico v. Callahan,* 134 F.3d 1177, 1184 (2d Cir. 1998). Here, the ALJ relied only on medical reports generated after Plaintiff's application was filed. This was in error.

### B.  The ALJ Failed to Properly Evaluate Medical Findings Regarding Severity of Musculoskeletal Impairments

Although ALJs no longer afford controlling weight to the medical opinion of Plaintiff's treating physician(s), ALJs still must "consider all medical opinions and determine their respective persuasiveness considering: supportability; consistency; relationship of the medical source to the claimant; specialization; and "other factors." 20 C.F.R. § 404.1520c(c)(1)–(5). *See Acosta Cuevas v. Comm'r of Soc. Sec*., No. 20-CV-502, 2021 WL 363682, at *9 (S.D.N.Y. Jan. 29, 2021) (collecting cases), *report and recommendation adopted* (S.D.N.Y. Mar. 10, 2021).

Here, the ALJ did not discuss the medical opinions of Plaintiff's treating physicians and erred by discounting the treating and consulting source opinions–which were consistent with each other–without explaining how she found that Plaintiff's musculoskeletal impairments were "non-severe." (ECF 12 at 18).

This finding contradicts the state agency's own reconsideration determination authored by medical consultant Dr. Periakaruppan in June 2023. Id. at 84-90. At reconsideration, Dr. Periakaruppan upgraded "Other and Unspecified Arthropathies" to a primary severe impairment. Id. at 93. Furthermore, Plaintiff's physical therapy records from late 2023 consistently documented eight out of ten pain levels and objective weakness in the right shoulder, suggesting the impairments remained functionally limiting well beyond the date of

6

the initial assessments. (ECF 12 at 45-52). And, as discussed above, the ALJ failed to develop the record of Plaintiff's musculoskeletal impairments before the consultative examinations.

### C.  Additional Considerations Upon Remand

Since the ALJ ended her decision at step 2, I decline to reach the question of whether the ALJ was correct in any RFC determination. However, I note that because the ALJ failed to develop the record or explain the persuasiveness of the medical opinions, the ALJ's finding that Plaintiff's post-COVID syndrome did not render him "unable to perform the demands of a wide range of exertional work, so long as the claimant can work in a setting with no concentrated exposure to pulmonary irritants" is conclusory and insufficient.[3] *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp.2d 330, 347 (E.D.N.Y. 2010) ("[A]n ALJ who makes an RFC determination in the absence of [a] supporting expert medical opinion has improperly substitute[d] his own opinion for that of a physician, and has committed legal error.")

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is **GRANTED** and this case is **REMANDED** for further proceedings consistent with this Opinion and Order. The Clerk is respectfully directed to enter final judgment consistent with this decision and then close the file.

**SO ORDERED.**


*/s/ Ona T. Wang*

Dated: March 18, 2026                              **Ona T. Wang**
      New York, New York                    United States Magistrate Judge

---

[3] For example, Dr. Xie, who performed a consultative examination of Plaintiff on March 15, 2023, noted that Plaintiff had "moderate limitation with lifting, carry, pulling, pushing and reaching over his head," and that he "should avoid heavy exertion related to his post Coronavirus infection syndrome." (ECF 12-1 at 171-72.) Even Dr. Randall's review noted that Plaintiff "[s]hould avoid heavy exertion and concentrated respiratory irritants." (ECF 12 at 81.)